Good morning ladies and gentlemen. Our first case of the morning is 117783 Warren County Soil and Water Conservation District v. Steve Walters individually at all. Are you ready to proceed? May it please the court, counsel. Good morning my name is Christopher Soak and I represent the appellants. There are three issues central to this appeal that I'd like to address in order which would require me to go with the facts of the individual case last if that pleases the court. The first issue is whether or not section 2-1401 of the Code of Civil Procedure allows trial courts to use discretion to vacate unjust judgments and use their equitable powers in light of this trial court's decision in People v. Vincent. If the answer to that question is that yes the trial courts do have such discretion still, the second question is what is the standard of review to review such a ruling? And finally, what would be the standard of review according to the facts of our individual case? And if it pleases the court I will start with section 2-1401. Section 2-1401 is entitled Relief from Judgments and the statute controls all post-judgment relief for any cause 30 days after a final order. The statute begins by abolishing the common law rights and bills of review but the rest of the statute and its language is critical to the analysis of this case so I'd like to quote it verbatim. The statute says, quote, all relief heretofore obtainable and the grounds for such or otherwise shall be available in every case by proceedings hereunder regardless of the nature of the order or judgment from which relief is sought or of the proceedings in which it was entered. And the statute continues to state that except for a section of the Parentage Act, quote, there shall be no distinction between actions and other proceedings statutory or otherwise as to the court would note that in my briefing I did not contain much statutory analysis because frankly the statute is clear. It's certainly expansive but there aren't any terms in there that are difficult to understand or cannot be given their plain and ordinary meaning. What the statute says is that if there was any reason or way to receive a type of post-judgment relief before an action of the statutory remedy it still exists and it exists by way of a motion brought under the statute. The statute specifically states the type of relief and the grounds or the form of the remedy those are all immaterial questions. So long as it existed at some point in the prior practice of the courts in this state it still exists and I believe if my math is correct it has existed for roughly 148 years. I believe I cited a Supreme Court case from 1857 in which they said that these writs were basically these are old and out of date and that was in 1857 and then they said we're going to replace them with the motion and for the next 150 years this court has routinely decided that equitable relief can be available under the statute. Now given the way that the statute is written so expansively it seems clear there's no universal analysis of the proceedings brought pursuant to it because different petitions are obviously going to request a different remedy, they're going to be in a different form. For example someone could claim there was a mistake and that's going to be judged differently than if someone claimed the judgment was void or if someone claimed there was some injustice or unfairness as a result of the judgment which is the case today. And essentially the statute is a post-judgment catch-all. If there was a way to get some post-judgment relief you still can get it. The fact that you might have gotten it in an equity court sometime in the 1850s, the fact that you might have had to get it from the king's bench in England, all immaterial questions under the statute. The question then today is how to resolve that language in light of this court's decision and people be Vincent. Vincent was a petition brought by a criminal conviction after a post-conviction Hearing Act petition in which he claimed that I believe his five criminal convictions were void. Now interestingly although the decision does note the non-law roots of the statute, at no point in the decision is the actual text of the statute discussed. Instead what the court stated was that the applicable standard of review for that case was not an abuse of discretion and stating that the abuse of discretion standard was actually erroneous, based on an erroneous belief that a 214.01 petition invokes the equitable powers of the court. The court goes on to state that although this was certainly true when such relief was available under the common law writs, that's not the case under the statute. Now I would submit to the court that that statement is plain error based on the language of the statute. The statute says that all relief here in 2.4 obtainable is obtainable and is available. So when the court states that this was certainly true when such relief was available under the common law writs, they're essentially stating that it is still available now because it was relief that was here 2.4 obtainable and the statute specifically mentions whether the foregoing remedies, which were the bills of error or the common law writs, or any other form. Do you believe it's necessary that we overrule Vincent? Not necessarily. The language in Vincent is essentially dictated in this case for most parts and that is what the trial courts, excuse me, the appellate courts and the trial courts have seized on. There is language in the Vincent decision that says, quote, civil practice rules and precedent factored out any notions about a trial court's, quote, discretion to do justice. Now the word discretion was in quotes, which I believe means to the court that it does not mean all discretion. And the decision also states that relief is no longer, quote, strictly equitable. It's no longer, quote, purely discretionary. I think what the court was getting to and where the appellate courts have overextended Vincent was that when we enacted a statutory form, it meant that it was no longer discretionary in the sense that we have rules of civil procedure and that we have precedent and that trial courts simply aren't allowed to decide whatever they wish and there would be no review and there would be no standard review. I believe that was what the court was getting at. And in that sense, I don't think Vincent needs to be overturned. It just needs to be reworded in such a manner that the appellate courts recognize under 1401, yes, there's still equitable relief. You can still request a judgment be undone because it is unjust or unconscionable and that would necessarily require the court to use some discretion to determine what is and is not unjust. What is discretion? What is due diligence? What is unjust? Those are all questions that are going to require the court to use some discretion. I can't point to a picture of a case and say this was diligent or this is just and this is not. That's going to require some sort of weighing. And on that issue, counsel, if we agree with you on your Vincent argument, would the proper course for this court to remand back to the trial court to determine due diligence? I mean, if the trial court determined that evidence-taking was necessary, we don't have that ability. No, Justice. What the court did rule that the meritorious defenses existed, which I will address later and ruled that my clients did not meet the diligent standard, but we're past that argument at this point. What the court found was that despite my clients not meeting the due diligence standard, the court still felt that the judgment was so unjust and the facts surrounding how the judgment was reached was so unjust that it would still vacate the default judgment and move forward with it. If it had the ability prior to Vincent, if the case law was the same, it would have followed the decision that the First District made in Roka and said I'm going to relax the due diligence requirement because this is an unjust ruling, that the judgment in the trial court's view was not supported by the facts and that there appeared to be no proof that Warren County actually owned land that was law. Counsel, may I ask you a question? The statute, of course, does not use the meritorious defense or due diligence. This is a judicial gloss that has been added to the statute, probably most importantly in Smith v. Heirum from this court. In that case, the court said that the fundamental idea of a 1401 is in fact the use of equity and then sets out these factors, meritorious defense, due diligence in developing the fact, new facts and due diligence during the 1401. Do you have any sense of when those ideas evolved? Apparently from the cases that are cited in Smith v. Heirum, the appellate court's been saying this for a very long time. Correct. As I stated earlier, I believe these evolved as far back as my research took me sometime around the time of the Civil War and that the idea was that in the courts of England they had decided that the writs that this simply was not working anymore and obviously at that time you could go and get a hearing in front of the king and the king would give you the king's justice and that simply wasn't workable anymore and they turned to the practice of allowing the courts of law to use their equitable powers over their own judgments and then over the course of those hundred and fifty years as your honor stated it seemed that the common law evolved to pick up those pieces and add them into the statute. So are those some kinds of framework then for the court to exercise equitable authority? I believe so. I believe those are the types of reasons that statute would attribute to a type of relief that was heretofore available and a remedy in a manner to use that equitable power. I don't believe that the statute is purely discretionary when equitable powers invoke such a trouble and avoid those standards. I believe the decision meant since we have precedential authority now with the Code of Civil Procedure we have these rules that when the statute invokes those equitable decisions it's also invoking the common law that developed to use those equitable powers and incorporate them into the statute. If 214.01 of course can be based on a different kind of claim, a claim that the final judgment was void, whatever that means, is there a different analysis when that that's the issue before the court? There clearly is. According to the precedential authority the due diligence and meritorious defenses are obviously inapplicable and I believe the court's analysis ties into what the standard of review was based on Your Honor's question. The court held in Vinson that the standard of review on any petition was based on the manner in which it was resolved. The court stated that a petition is like a complaint because it is a new proceeding under the statute. The court stated that can be dismissed, summarily dismissed as was the statement in Vinson, although the court said there's no such thing, that it could be ruled on like summary judgment, that it could proceed to a hearing and the court said the standard of review has to be based on that. But I believe since the statute incorporates all these prior remedies and prior available grounds for relief, the proper analysis is going to need to be, one, what is the manner in which the case was was handled by the trial court, and two, what relief was requested. Because as Your Honor stated voidness is a different issue. Voidness, I'm struggling to think of a scenario where it could be a fact question. Voidness is almost always going to be reviewed de novo. It's a question of law. Is your order void for some reason? Whereas another question, such as in this case, due diligence, meritorious defenses, that's not always going to be a de novo issue. The court, the trial court that is, is going to have to use either their own experiences, they're going to have to, even if the facts are agreed, weigh them and determine if something is just or unjust. Counsel, I want to get back just for a minute to the posture of this case if we agree with you on Vincent. Maybe I have this wrong and point it out if I do, but the trial court below didn't believe, I think you already said that, that it could relax the due diligence requirement. Correct. That's right. And therefore it never considered the question of whether it should relax the I think the end of the court's ruling, which potentially I guess it's dicta, even though it's a trial court, the court did say at the end of the ruling, which is attached to the appendix to my petition, did state that if the court had the power, as was the law pre-Vincent, it would clearly undo the judgment and proceed with further proceedings. And actually the court specifically stated, I do remember this, that it was difficult to think of a more unjust fact scenario. That's at the end of the trial court's order. Now procedurally speaking, I understand your question to be, well, the court said there was no discretion. Do we have to remand it and say you have to determine discretion? Yeah. My only point is, were this court to hold that the trial court could relax the due diligence requirement, which the trial court obviously thought it could not, wouldn't it make sense to remand to the trial court so it can consider the in the first instance? I think it could, your honor. If that occurs, obviously my brief is going to consist of the trial court's order that says the trial court already stated if it had such discretion it would do so, which is what it says at the end of the order. So in effect, if this court does say the trial court was incorrect, you do in fact have the discretion. The trial court has already stated to the parties that it would do so if it had such discretion. And the opposing side, though, could contest that, right? Weekly or factually, I guess. Factually. Factually, I think it's already been contested. We already had a hearing on the 2-1401 petition. There were briefings filed. There was an oral argument. The court heard evidence and entered an order. That's already been considered. If we go back for another briefing could be necessary. Now, the plaintiff did not do any briefing the first time they stood on their verified complaint. Okay. Thank you. I stated in my brief that I believe the standard of review should be an abuse of discretion, which we sort of touched on already. And that is based on my view that it would be impossible to set any sort of legal standard as to what is diligent and what is just. I think if we did so, the court's prior concerns about inviting endless 2-1401 petitions for review, particularly in criminal cases, would clog up the courts that more than they are with those petitions that have been brought already. That if they were to be reviewed de novo in every case, the court was going to have a very difficult time because as the criminal proceedings, those are almost the last motion that are filed and the motion of last resort and they are often brought. There is a competing standard of review that is followed in the Borghetti decision, which states that meritorious defenses can be reviewed as a matter of law and that due diligence would be reviewed as an abuse of discretion. And that makes some sense, but again, I believe there are going to be cases where a meritorious defense is going to turn on facts. It could turn on, for example, belief in one party's statement versus another party's statement. And those are decisions that traditionally we leave to the fact finder, the trial court. We do not review those de novo. And even if these petitions are judged, as they can be, as the statute allows, to submit affidavits and judge those proceedings, there is still factual weighing involved. And I don't believe substituting one court for another in a de novo review is going to do much good for the court's practice because that will be done every time. It's like a free shot. The other issue would be the court would allow a litigant potentially to select their standard of review depending on what they choose to do. For example, in this case, we submitted affidavits and stood on them. And under Vincent, that is a standard of review based on a de novo review. I could have asked for an in-person hearing. I could have brought in my witnesses live and had them testify live. And the court could have reached the same conclusion. But it appears that Vincent would say that is a different standard of review even though the evidence was exactly the same simply because those witnesses appeared live. And I don't think that is a good thing to do for the court to allow the litigants to decide what their standard of review is going to be. That would purely be on the petitioner. There's no way for the defendant to counter that if there's going to be either a, suppose they could ask for, if they wanted to have an argument with witnesses and evidence presented, and then they could control what the standard review is. And that seems to be something that the court would not do. And if the court believes my argument is correct and that Vincent should be reworded in some sense to still allow these equitable remedies, the question then becomes, do my clients meet those standards in this case? And briefly, I'd just like to address the facts. Steve Walters is the principal of Walters Logging and Robert O'Dell is a subcontractor of Walters Logging. And in this property in Warren County, it was owned by Martha Biederbeck. They wanted to log the timber on that property. Ms. Biederbeck stated that she owned the property. The property was fenced in on all four sides. Rather than simply take her word for it, my clients did some research of their own. They found two deeds that showed she owned the land. They found a plat book excerpt that showed she owned the land. They had her sign a contract which she warranted title and warranted right to I would submit to the court that at that point my clients are bona fide purchasers. They did all that was required of them and more to investigate the title to that property. I would also point out to the court that to this day in this record, there is no competing deed that shows that the plaintiff actually owns this property. There is nothing. There is merely the complaint that provides a legal description of the property and then says we documents that show any ownership lie with Martha Biederbeck that she does own the property. On the facts of this case, if we get to the facts, how does the lack of your client keeping up with their case have on the in the issues? In other words, I understand the lawyer dropped the ball big time, but what about the client's obligation to make inquiry? There's no question that they did not do their best in keeping up with their attorney. There's no way for me to say that with a straight face. However, at all times in which they did not have an attorney, they did. They tried to settle the case. They talked to the state's attorney when he first arrived and said we don't own the property. They talked to the attorney general the first time he showed up and said wait a minute, you own this property. They hired me as soon as they found out that their attorney had left. And the negligence of their counsel still does not need to be attributed to them. If the court finds that the ultimate judgment was unjust or unconscionable, the courts of equity will still have the power to do that judgment. Thank you very much. Thank you. May it please the court. Counsel, my name is Jeff D. Jody, and I'm here today with co-counsel Nicole Humber and Rick Lindvigler of Warren County Soil and Water Conservation District. Thank you for the opportunity to come before you and to put forth our case regarding the validity and the validity, I guess, of the Vincent case and the judgment that the trial court entered and then the denial of the 214-01 petition that was brought. Really, the way I see it is that Vincent is very clear. The court ruling in Vincent spelled out the laid out the five possible scenarios for a resolution of a 214-01 petition. Either it's dismissed outright, it's treated as a motion for judgment on the pleadings or summary judgment, and that is either denied or granted. Counsel, was Vincent even contemplating the present issue though? The trial court's authority to relax the due diligence requirement for equitable reasons? I address the fact that the appellate courts had dealt with the three prongs, meaning the due diligence of asserting the defense due diligence bringing the 214-01 petition and then also the meritorious defense. How do you address opposing counsel's argument that 1401 strongly suggests, if not outright, states that the common law equitable remedies remain available under 214-01? I cite back to Vincent as the interpretation of the 214-01 that that said that the judicial discretion then to relax the standards is gone. So your position would be that Vincent would have to be overruled to go along with opposing counsel's argument? Yes, I do believe so, because in preparing for the argument, I believe Vincent is very clear in setting out those circumstances that have applied to a void judgment, but every circumstance where a possible 214-01 petition comes before the trial court. And our circumstances in the Warren County case are the circumstances of we have a judgment on the pleading summary judgment, we have an argument before the court, we have no evidence, and then Vincent does indeed say that that review is indeed the no vote. And that is the law and that is what the appellate court in Lucas relied upon in circumstances that were very, very similar to ours. And the trial court then understanding that it could not relax the due diligence standard had to rule then as a matter of law that due diligence couldn't be met and then the 214-01 petition could not be granted. Do the facts of this case, the alleged windfall as the property not belonging to plaintiff, play any role in the determination by this court? By this court I don't believe so. Honestly, I believe the the only real issue for the court to determine is what indeed is the determination of whether or not there was a meritorious defense. I believe it has to be the trial court's determination once, if there is a change in the review, that the trial court is supposed to apply. And so on that issue you would agree if we disagree with you on Vincent it should be remanded to the trial court? Yes. To determine whether they, now that they can, assess whether they should? Correct. Counsel says not necessary because the trial judge already said he should. Well the trial court kind of said that, but in reading the opinion from the trial court his end was really clear on the only power that he had, and I believe his statements that it could or it would are dictated. But you also have to remember that when we came forward with the defense of the 214-01 petition, we had Vincent and we had the Lucas case that clearly said that there was no discretion. And so when we asserted that there is no due diligence in the trial court, that was enough then to blunt and stop the 214-01 petition. So you would you would want more to say about the issue? Oh yes, yes most definitely, because we disagree that Ms. Biderback owned that property, but that's something that it's an issue I guess if it goes back, the trial court has to make that determination, and we'll have a response. And that may require testimony. Correct, correct. And what do you think about the alternative argument that's made that there should be two standards of review? One reviewing the meritorious defense, either de novo or perhaps for sufficiency of the evidence, and then two discretion and due diligence. From a practitioner's point of view, I think that would be impossible for us to follow in the trial court to know exactly what we need to do to get to the trial court and what we need to present. So personally I do believe that the two sets of review for separate prongs in the 214-01 analysis is something that is, it shouldn't be done. I mean the standard should be the same for all of those prongs. Is it accurate to say that to obtain a more forgiving standard of review on appeal, Section 214-01 petitioner would have to do under Vincent is to obtain an evidentiary hearing? I think that the the court in the Third District, I believe that was in Ropen Act, determined or said that that was the case, that abuse of discretion standard would be applied if there is an evidentiary standard. And so I agree that if that is the standard going forward, then it would be a strategy before the trial court whether you put on evidence then for the hearing on the 214-01 petition. I think somebody bringing the 214-01 petition would just about have to have an evidentiary hearing in every circumstances to get that. So is that putting the decision on how the how this turns out in the hands of the petitioner? Yes and no. To a certain extent that it does. There may be some cases where it is clear that there was due diligence and and a meritorious defense and bring the petition and just on affidavits and then that could be granted. From the perspective though of the Vincent, we can go back to Vincent anyway, I believe this court reserved, honestly reserved, the standard of review for the evidentiary motions of 214-01. So I think that's still honestly an open issue for this court to consider. My reading of Vincent indicated that it dealt only with dismissal, summary judgment, judgment on the pleadings, dismissal or granting and left the evidentiary issue for another day. And I don't think we're that case. We didn't have an evidentiary hearing. So we're back and asking the court then to affirm Vincent and to basically indicate that as a matter of law there was no due diligence on the part of the Walters at all in pursuing their case and putting on their defense or even bringing the 214-01 petition. They let it go. After the case was filed, they didn't pay attention, they didn't do anything to make sure that their case was still in So they filed the 214-01 petition, nothing happened. So I believe under the standard of Vincent and we've also relied on Lucas, the first district case that applied it to facts very close to ours, I believe is a matter of law and that the petitioners are not entitled to relief under 214-01. Thank you. If I may, Your Honor, I'd like to read from the trial court's order so we can straighten this out once and for all. This is what the trial court said. Quote, the court believes it is bound by the Lucas decision, close quote. Now today if we decide that 214-01 still applies and that equitable proceedings still exist, then the court's belief that it was bound by Lucas was wrong. But what the court continued to say was, quote, if the court had the ability to use discretion as was the law before Vincent and Lucas, it clearly would have followed the Roka rationale and lessened the due diligence standard and granted the defendant's petition in the interest of justice. It is difficult to think of a more unjust fact scenario to the defendants and although it is not relevant to this decision, the petitioner probably does not have malpractice insurance. That was from the trial court's order. So the trial court clearly understood and did mention in the order that there appeared to be a split of authority between the appellate courts on this issue and that depending on which way it came down, his ruling would be different. The court did find though, as far as meritorious defenses, that each of the defendants has a meritorious defense. That's not dicta. That was clearly part of the court's rationale and it did find meritorious defenses existed. The court stated its examination of the affidavit's plat book excerpt in Deeds demonstrate that Biederbeck appears to own the property log and she gave the right to Steve Walters logging and export. This defense also applies to Walters individually. Moreover, Robert O'Dell took no actions that would make him liable to the plaintiff under its complaint. How do you address opposing counsel's argument though that they would have more to say on the issue of whether it should be relaxed, maybe even amounting to testing? Well, the issue was raised in that prior proceeding. I certainly raised those cases that were discussed by the court. Opposing counsel addressed them and they were briefed and discussed. The matter was fully heard. The only issue was whether the law per Vincent and the appellate districts that But presumably one of the reasons for making the statement that the trial judge made would be the ownership of the property, right? What do you mean? Well, wouldn't that be one of the reasons to relax that in this case there was a windfall? Oh correct. From your perspective. Correct. They say the opposite. Correct. They do. Isn't that a fact question? Well, it is and it isn't because the court found there was no evidence to back up their statement that they did own the property. And they say we didn't need to provide that evidence because we had Vincent on our side. They said that they don't need to provide that evidence because a default judgment was entered and the defendants thereby admitted all the facts of their complaints in which they allege they own the property. The problem with that argument is that 214-01 specifically says that a petition brought there under is a new proceeding. So any admissions that would have been made for purposes of the default are only evidentiary in clearly contradicted by the defendant's statements in their affidavit. So they relied on those admissions to establish how they owned the property and stated we don't need to prove this. We've already won. Both the dissent in the appellate decision in this cause and the trial court both noted, well wait a minute. If you truly do own this property, why don't you produce the deeds now? You've had multiple opportunities to do so. That would certainly short-circuit my best argument on appeal and my best argument for injustice before this case and it hasn't been done. Now the bona fide purchaser issue, that's not going to go away even if they do own the property. There's been no deed produced. My clients can find no deed. The court had no deed. That does not make them not bona fide purchasers and that's still an absolute defense. Now that also was raised as a meritorious defense in the trial court. The court heard that issue as to ownership, that is an absolute defense. If they do have evidence that they do own the land, that's going to create a dispute between them and Mrs. Biederbeck as far as who owns the property. But it's not going to change anything as far as the logging was concerned because they were bona fide purchasers. They had no notice. They were beyond inquiry notice even. They looked into this. They went to the reporter's office. They found two deeds. They didn't find any deeds that say they own the property. They found deeds that backed up what Martha Biederbeck said. They went out to the property. Their Iowa counsel visited the property multiple times to discuss the matter with Mr. DeGiudi's predecessors of this cause. The state's attorney was involved originally. He said, well, wait a minute. Doesn't the county own this property? And they went out and determined they must not because no action ever came from it. Then the Attorney General's office got involved. They again went out to the property, determined they must not own it because no action was brought. It wasn't until years later that it ever came to the situation where the Soil and Water Conservation District said, hey, we want to take our shot at claiming we're going to own this property. But again, no deed was produced. The issue that counsel raises about the delay between Mr. Kitchener's sua sponte removal and the time when he first appeared I think is a bit of a red herring in this sense. When the plaintiff got their default judgment, they themselves did nothing for basically a year. They sat on their judgment. And I believe I cited the Levin's case, which says that is something that needs to be weighed as far as equity is concerned, that the party receiving the judgment, sitting on their judgment and waiting it lie, that's something that the court needs to weigh. Now, if they had immediately got their judgment and said we're going to begin collection proceedings, the court knows the first thing they would need to do is send notice that we're going to collect from these individuals. And these individuals would have said, well, wait a minute. What's going on? Where's our attorney? And as I said before, it is undebatable that Mr. Kitchener's disappearance was negligent. And they did not do a very good job of keeping up with him. But it's also undebatable that they provided him written answers to the complaint that he was to file. The sole filing that Mr. Kitchener prepared, they're signed, they're ready to be filed. I just dropped the ball. And I dropped the ball because my father-in-law was very ill. He ended up dying. I was out of practice. It seems that he undertook representation either before he was unable to do it or something changed in his life that made him unable to meet his duties. But the bigger question is, at some point he was no longer licensed to practice law in the state. Now, my client stated in his letter to someone and told him that he was disbarred. I found no evidence that he has been disbarred. My belief is that he simply stopped practicing law, which meant he stopped going to all those CLE hours that he needed to get that air. DC told him, you did not finish your hours. You're in danger of being removed from the Master of Roles. And he just simply said, I'm not going to practice law anymore. That is an important question of when that happened because all of the notices in this case for the 16 months that Mr. DeGiudi points out as the delay, they all went to Mr. Titchener. And if he was no longer licensed to practice law, those notices are ineffective to my clients because they are now pro se. So any time afterward for Mr. Titchener's no longer being licensed to practice, which could have been as early as when a hearing would have been scheduled on his motion to undo the default, those are all ineffective on my clients. Now, certainly that doesn't change the fact that they could have called and said, well, what's going on? Let's figure out, let's keep up with our case. But it does weigh against that time period because the plaintiff would not have fulfilled their obligation of giving notice to the proper party. They wouldn't have been able to know that until the court took it on itself to say, I'm going to figure out where this attorney went because it's strange. He took it upon himself to check with the ARDC and found out that he could not practice law anymore. The only other issue with Mr. Titchener, as far as my clients' duty to keep up with him, they thought, rightly so I believe, that they were just along for the ride in this case. That they were just stuck in this litigation until there was a resolution between the county and a third different entity that they had been with about who owns this land. And every time they had said, number one, we have no evidence that you own the land. And number two, it doesn't really matter because we're bonafide purchasers. They were under the impression that we've done all we can. They brought their suit. They have the right to bring their suit. And potentially, if they're correct, then yes, Martha Biederbeck is an adverse possession of their land. But that doesn't change the analysis as far as my clients and their law they're still bonafide purchasers. So yes, it's true and I can't debate that they should have kept up better contact with Mr. Titchener. But we certainly, as members of the bar, routinely will tell pro se litigants, please go get an attorney. They're the ones who are going to be able to best handle your case. And that's what they did. They hired an Illinois lawyer. They had Iowa counsel, obviously good practice here. They hired a lawyer, thought he was handling the case. And unfortunately, they were one of the unlucky few that hired a lawyer who wasn't able to do so. And were the facts different, that might hold the day. If they had produced a competing affidavit that says, wait a minute, no, we do own the land, maybe the trial court would have said, well, no, they said they did, you said they didn't, it's a fact issue and you didn't show up and I'm going to find that that's just. That's justice. But that's not what happened. What we had was one side saying, you don't own the land at all. And a missing attorney. That's a totally different story. That's a win-win. Thank you.